Curia, per Frost, J.
In 1841 the defendant was the sole acting executrix of William Wilkie. By an Act of the Legislature. passed in that year, Rantowle’s Bridge was rechartered, and vested in the executors of William Wilkie, in trust, for the sole and separate use of Elizabeth S. Messervey (his daughter) and the'heirs of her body, not to be subject, in any manner, to the debts, contracts, or engagements of her husband. It may be inferred from the terms on which the giant of this franchise was obtained by William Wilkie, in 1824, that it was lucrative. Elizabeth Messervey has been, ever since the grant, in possession of the franchise, receiving the profits that accrue from it. It does not appear that the defendant has exercised any control, nor had any beneficial use of, the subject of the grant. Do these circumstances afford any evidence of the acceptance of the grant, by the defendant, sufficient to support a verdict affirming her acceptance 1 The grant was made to the defendant, and the legal title of the franchise is vested iu her, subject to the uses declared for Elizabeth Messervey. No inference can be made against the defendant’s acceptance from the fact that she has not interfered, but relinquished the possession and profits of the franchise to' Elizabeth Messervey. This is agreeable to the terms of the grant.
An incorporeal hereditament can be created and transferred only by deed. A public franchise can be created only by an Act of the Legislature. In legal phrase, they “lie in grant.”
*265 A distinction is to be observed between those subjects of a grant which have an existence before, and independent of, the deed. In ihe former case, the use or possession by the grantee does not necessarily import an acceptance or claim under the deed, for the possession or use may be tortious or acquired independently of the deed. But where the subject of a grant is eteated by the deed, to exist and be used and enjoyed, it is necessary that the deed should have been perfected by delivery, that is, accepted by the grantee. The actual use and possession of the subject of the grant by the grantee, since it could be acquired ouly by deed, would be conclusive that the grantee had accepted tlte deed. The acceptance of a grant by an Act of the Legislature, cannot be proved by such visible act as the delivery of a deed — yet the acceptance of the grant or thing granted by deed, by him to whom it is made, is a fact to be presumed, until the contrary be shewn — much more must the acceptance of a grant by Act of the Legislature, be presumed. But the evidence of the defendant’s acceptance is not merely presumptive. The thing granted, the fianchise to take toll from passengers over Ruiitowle’s Bridge, has been actually exercised and enjoyed according to the terms of the grant. This is the only mode in which the acceptance of a legislative grant is ever manifested. If the defendant had received the tolls, she could not be permitted to deny the acceptance of the grant. But she has only the legal title, for the beneficial use of Mrs. Messervey. It may be, as stated in the argument, that the grant was made without her knowledge or consent, and has never been assented to by her. But this must, be proved. It cannot be presumed. If it he true, Elizabeth Messervey has illegally beeu demanding and receiving toll from passengers over Rautowle’s Budge; and it is time that this lawless exaction should be exposed, and the Legislature notified that the grunt to the defendant has not been accepted, /is it could not be presumed, in order to charge the defendant, that Elizabeth Messervey has been guilty of an unlawful act, neither can it be presumed in her defence. The evidence ofi'ered is sufficient to charge the defendant as having accepted the grant, and should have been submitted to the jury.
The motion is granted.
Richardson & O’Neall, JJ. concurred.

Motion granted.